FILED
2022 Oct-21 PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# B

**Progress Leasing, LLC**
2700 Rogers Drive, Suite 203
Birmingham, AL 35209

## CONTINUING GUARANTY OF INDEBTEDNESS

**TO:** Progress Leasing, LLC

**RE:** Life Hope Equipment Leasing, LLC _____ ("Debtor")

GUARANTY; "INDEBTEDNESS." We will be benefited by the success of Debtor and to induce you to provide leasing and/or financial services to Debtor we jointly and severally unconditionally guarantee and promise to pay you in lawful money of the United States and to perform any and all Indebtedness of Debtor to you. The word "Indebtedness" is used herein in its most comprehensive sense and includes all obligations and liabilities of Debtor under leases, equipment finance agreements or otherwise, whether Debtor may be liable with others and whether recovery upon such Indebtedness may be barred or otherwise unenforceable for any reason, including lapse of the statute of limitations or the bankruptcy of Debtor.  (1)
CONTINUING GUARANTY. This is a continuing guaranty covering present and future Indebtedness, except Indebtedness created after actual receipt by you of written notice of this Guaranty's revocation as to future Indebtedness. Extensions or other revisions of current Indebtedness and additional Indebtedness created pursuant to previously executed commitments shall not be considered new Indebtedness. Any such notice must be sent to you by registered mail with U. S. Mail postage prepaid, addressed to you at 2700 Rogers Drive, Suite 203, Birmingham, Alabama 35209. A notice from only one of us will not affect any other guarantor's liability.

(2) JOINT AND SEVERAL; SEPARATE ACTIONS; WAIVER OF STATUTE OF LIMITATIONS; REINSTATEMENT OF LIABILITY. Our obligations hereunder are joint and several and independent of the obligations of Debtor. A separate action or actions may be brought and prosecuted against us, without proceeding against Debtor. We waive any statute of limitations affecting our liability hereunder. Our liability shall be reinstated as to any payment on the Indebtedness required to be returned by you.

(3) AUTHORIZATIONS. We authorize you, without notice or demand and without affecting our liability hereunder, from time to time to (a) amend, compromise or otherwise change or waive any of the terms of the Indebtedness; (b) take security for this Guaranty or the Indebtedness and exchange, enforce, waive, release, subordinate, fail to perfect, sell or otherwise dispose of and consent to the owner's lease or other disposition of any such security; (c) consent to Debtor's assignment of any lease which is part of the Indebtedness or Debtor's sublease of any related property; (d) release, add or substitute parties liable for the Indebtedness; and (e) apply payments received on the Indebtedness as you may choose. You may without notice assign this Guaranty in whole or in part. We may not assign our obligations hereunder.

(4) OUR WARRANTIES. We warrant that (a) this Guaranty is executed at Debtor's request; (b) we will not, without your prior written consent, dispose of a substantial part of our assets; and (c) we have adequate means of obtaining information pertaining to Debtor's financial condition and business activities and have obtained such information relative to Debtor as we deemed appropriate in order to assess our risks in connection herewith. We agree to keep adequately informed of any matters which might affect our risks hereunder. You have no obligation to disclose information you obtain regarding Debtor to us.

(5) OUR WAIVERS. We waive any right to require you to (a) proceed against any other person to enforce the Indebtedness; (b) proceed against or exhaust any leased property or collateral relative to the Indebtedness; (c) give us any notice with respect to leased or other property repossessed from Debtor; (d) pursue any other remedy in your power; or (e) give any notices in connection with the Indebtedness or this Guaranty including as to additional or modified Indebtedness.

We waive any and all defenses arising from or relating to (a) any defense of any other person; (b) the cessation, other than by payment and performance in full, of the Indebtedness or Debtor's liability therefore; (c) the use of any property leased or financed in connection with the Indebtedness for purposes other than those understood by us; (d) any act or omission by you which directly or indirectly discharges Debtor on any Indebtedness or which increases the probability or amount of our liability hereunder; (e) your failure to enforce or delay in enforcing your rights as to the Indebtedness; (f) an impairment of any security for the Indebtedness or any guaranty thereof; (g) any bankruptcy, extensions, moratoria or other relief granted to Debtor pursuant to any statute presently in force or hereafter enacted; (h) the fictitiousness, incorrectness, invalidity or unenforceability, for any reason, of any agreements or document executed in connection the Indebtedness or our obligations hereunder; (i) any defenses available to a surety under applicable law; (j) the failure of any person to sign this or a similar guaranty; (k) the dissolution or release from liability of any other guarantor; or (l) any other rights, privileges, defenses or protections otherwise available to us under applicable law. Until all Indebtedness is paid, we shall have no subrogation rights against Debtor or right of reimbursement against Debtor because of the performance of this Guaranty. Our waivers include our waiver of any rights and defenses which we may have because any Indebtedness is secured by real property. This means, among other things that (a) you may collect from us without first foreclosing on any real or personal property security pledged by Debtor for any Indebtedness and (b) if you foreclose on any real property security pledged by Debtor for any Indebtedness: (i) the amount of the Indebtedness may be reduced only by the price for which that security is sold at the foreclosure sale, even if the security is worth more than the sale price, and (ii) you may collect from us even if you, by foreclosing on the real property security, have destroyed any right we may have to collect from Debtor. This is an unconditional waiver, as are all other waivers in this Guaranty, which relate to any rights and defenses we may have. Further in this respect, we waive all rights and defenses arising out of an election of remedies by you even if such election of remedies, such as a nonjudicial foreclosure with respect security for any Indebtedness, may or does destroy our rights of subrogation and reimbursement against Debtor.

EACH OF THE WAIVERS SET FORTH ABOVE ARE MADE WITH OUR FULL KNOWLEDGE OF THEIR SIGNIFICANCE AND CONSEQUENCES, INCLUDING THAT WITHOUT THESE WAIVERS WE MIGHT BE ABLE TO AVOID FURTHER LIABILITY UNDER THIS GUARANTY UPON THE OCCURRENCE OF AN EVENT TO WHICH A WAIVER RELATES, AND WE BELIEVE THAT UNDER THE CIRCUMSTANCES THE WAIVERS ARE REASONABLE AND NOT CONTRARY TO PUBLIC POLICY OR LAW. Waivers determined to be contrary to any applicable law or public policy shall be effective to the extent permitted by law.

(6) SUBORDINATION OF DEBTOR'S OBLIGATIONS TO US. Any indebtedness of Debtor to us and any distribution rights on account of an equity interest we have in Debtor are hereby subordinated to the Indebtedness and assigned to you as security for this Guaranty and the Indebtedness. Upon request we shall collect such amounts as trustees for you and provide the amounts to you for application to the Indebtedness. We will mark any notes or other documents evidencing such indebtedness of Debtor or equity rights with a legend that such documents are subject to this Guaranty and, if you so request, will deliver such documents to you together with such notations or instruments of assignment as you may request. We will provide you such other documents and take such other action as you request to enforce your rights hereunder.

(7) WAIVER OF AUTHENTICATION OF VALIDITY OF ACTS. If Debtor is an organization, it is not necessary for you to inquire into the power of Debtor or the agents purporting to act in Debtor's behalf, and any Indebtedness made or created in reliance upon the professed exercise of such power shall be guaranteed hereunder.

(8) ENFORCEMENT COSTS. We will pay your reasonable attorneys' fees and all other costs and expenses which you incur in the enforcement of this Guaranty.

(9) APPLICATION OF SINGULAR AND PLURAL IN CONTEXT AND CONSTRUCTION. If there is only one of us, then all words used herein in the plural shall be deemed to have been used in the singular where the context so requires; and where there is more than one Debtor, the word "Debtor" shall mean all and any one or more of them as the context requires.

(10) ENTIRE AGREEMENT; ASSURANCES. This Guaranty represents our entire agreement relative to the guaranty of the Indebtedness and may not be modified except in a writing signed by you and us. We will perform such acts and deliver such documents and information as you may request to carry out the purposes of this Guaranty.

(11) APPLICABLE LAW; JURY WAIVER. This Guaranty is governed by and construed in accordance with the laws of the State of Alabama. Venue for any related action will be an appropriate court in Shelby County, Alabama selected by you to which we consent or in another court you select having jurisdiction over the matter. WE WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION RELATED HERETO.

IN WITNESS WHEREOF, we have executed this Guaranty as of **3/8/22** (Date)

Guarantors Name: **Lifehope Labs, LLC** _____

Title: (IF Guarantor is not an individual) **MANAGER** _____

Signature: _____

(Please write or type address below):

Guarantors Name: _____

Title (IF Guarantor is not an individual) _____

Signature: _____

(Please write or type address below):